UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARIANNE ELIZABETH HAINES,**

    **Plaintiff,**

**v.**                                                              **Case No:   6:19-cv-1077-Orl-LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Marianne Elizabeth Haines ("Claimant") appeals the Commissioner of Social Security's final decision denying her application for disability benefits. (Doc. 1). The Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. (Doc. 16 at 10-13, 17-22, 25-27, 29). The Commissioner argues that the Administrative Law Judge ("ALJ") committed no legal error and that his decision is supported by substantial evidence and should be affirmed. (*Id*. at 13-19, 22-24, 27-29). Upon review of the record, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for further proceedings.

**I.  Procedural History**

This case stems from the Claimant's application for disability insurance benefits filed on December 8, 2014. (R. 280-81). The Claimant alleged a disability onset date of May 30, 2014. (R. 280). The Claimant's application was denied on initial review and on reconsideration. The matter then proceeded before an ALJ, who, after holding two hearings (R. 36-118), entered a decision on August 23, 2018 denying the Claimant's application for disability benefits. (R. 15-29).

The Claimant requested review of the ALJ's decision, but the Appeals Council denied her request for review. (R. 1-3). This appeal followed.

## II. The ALJ's Decision

In reaching his decision, the ALJ performed the five-step evaluation process set forth in 20 C.F.R. § 404.1520(a).[1] First, the ALJ determined that the Claimant's last date insured is June 30, 2021. (R. 17). Next, the ALJ found the Claimant suffers from the following severe impairments: plantar fasciitis; obesity; and deep vein thrombosis of left leg. (R. 18). The ALJ also found that the Claimant suffers from the following non-severe impairments: right wrist sprain; hypothyroidism; anxiety; and depression. (R. 18-20). The ALJ, however, determined that the Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. (R. 20).

The ALJ next found that the Claimant has the residual functional capacity ("RFC") to perform sedentary work as defined by 20 C.F.R. § 404.1567(a)[2] with the following specific limitations:

---

[1] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

[2] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

> [L]ifting and/or carrying up to 10 pounds occasionally and less than 10 pounds frequently; sitting for 6 hours in an 8 hour workday; standing and/or walking for 2 hours in an 8 hour workday; pushing and/or pulling as much as can lifting and/or carrying; frequently reaching overhead in both directions; frequently climbing ramps and stairs but never climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling. The claimant can never work at unprotected heights. She can work around moving mechanical parts occasionally, in extreme cold occasionally, in extreme heat occasionally, and in vibration occasionally. She uses a cane when walking but not at workstation.

(R. 20-21). In light of this RFC, the ALJ found that the Claimant was unable to perform any of her past relevant work. (R. 27). The ALJ, however, found the Claimant could perform other work in the national economy, including work as a manager of a distribution warehouse, material clerk, and customer order clerk. (R. 28-29). Accordingly, the ALJ concluded that the Claimant was not disabled between her alleged onset date (May 30, 2014) through the date of the decision (August 23, 2018). (R. 29).

## III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the

reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV. Analysis

The Claimant raises the following assignments of error: 1) the ALJ's decision to assign treating physician Dr. Birendra Bhattarai's opinions little weight is not supported by substantial evidence; 2) the ALJ failed to weigh treating physician Dr. Lori Grant's opinion; 3) the ALJ erred by not including the need for Claimant to elevate her legs in the RFC assessment; and 4) the ALJ did not fully and fairly develop the record with respect to the Claimant's mental impairments. (Doc. 16 at 10-13, 17-22, 25-27). The Court will begin with the Claimant's second assignment of error, which is dispositive of this appeal.

### A. Dr. Grant

The Claimant contends that the ALJ erred by not weighing Dr. Grant's opinion that the Claimant needed to elevate her legs. (Doc. 16 at 18). The Commissioner acknowledges that the ALJ did not weigh Dr. Grant's opinion, but nevertheless argues that the ALJ did not commit reversible error because he expressly considered the treatment note containing the opinion, considered the Claimant's need to elevate her legs, and determined that the medical evidence did not support that limitation. (*Id*. at 18-19).

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining and non-examining medical sources, as well as the opinions of other

sources. *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[3]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c).

A treating physician's opinion must be given controlling weight, unless good cause is shown to the contrary. 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel*, 631 F.3d at 1179. There is good cause to assign a treating physician's opinion less than controlling weight where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned. *Id*. The failure to state the weight with particularity or articulate the reasons in support of the assigned weight prohibits the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id*.

The Claimant treated with Dr. Grant – a podiatrist – on four occasions for bilateral foot pain between May and September 2017. (R. 765-76). During the first visit, Dr. Grant opined that the Claimant needs to "[k]eep [her] leg elevated whenever [she] can to decrease swelling and increase

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

circulation." (R. 767). The ALJ discussed Dr. Grant's treatment notes in his decision (R. 24), but he did not mention or weigh Dr. Grant's opinion concerning the need for the Claimant to elevate her legs (*See* R. 15-29).

The ALJ should have weighed Dr. Grant's opinion, *Winschel*, 631 F.3d at 1179, a fact that the Commissioner does not contest (*See* Doc. 16 at 18-19). The Commissioner seemingly argues that the ALJ's error is harmless because the ALJ is not required to refer to every piece of evidence (Doc. 16 at 19 (citing *Adams v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 531, 533 (11th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005))), and because the ALJ considered the Claimant's need to elevate her legs and pointed to substantial evidence supporting the exclusion of that limitation in the RFC determination (*Id*. (citing R. 24-25, 620, 628, 644, 657; 20 C.F.R. § 404.1527(c)(2)(ii); *Newberry v. Comm'r, Soc. Sec. Admin.*, 572 F. App'x 671, 671-72 (11th Cir. 2014); *Harrison v. Comm'r of Soc. Sec.*, 569 F. App'x 874, 877 (11th Cir. 2014))). The Court is not persuaded by either argument.

While it is true that the ALJ is not required to refer to every piece of evidence, *Dyer*, 395 F.3d at 1211, he is required to weigh each medical opinion. *Winschel*, 631 F.3d at 1179. The Commissioner's reliance on *Adams* to the contrary is misplaced. In *Adams*, the ALJ expressly weighed the treating neurologist's opinion, but did not expressly address specific aspects of the opinion. *Adams*, 586 F. App'x at 534. Despite this fact, the Eleventh Circuit found no error because the ALJ's decision made clear that he considered both the neurologist's opinion and the claimant's medical condition as a whole. *Id*. Unlike the situation in *Adams*, the ALJ here did not mention or weigh Dr. Grant's opinion. *Adams* is therefore inapposite. The Court is instead guided by Eleventh Circuit precedent requiring the ALJ to weigh each medical opinion. *Winschel*, 631 F.3d at 1179. The ALJ's failure to abide by this precedent is reversible error.

The Commissioner also suggests that the failure to weigh Dr. Grant's opinion is harmless because the ALJ considered the Claimant's need to elevate her legs and pointed to substantial evidence supporting the exclusion of that limitation in the RFC determination. (Doc. 16 at 19). This argument essentially invites the Court to infer that the ALJ would have rejected Dr. Grant's opinion for the same reasons the ALJ rejected the need for the Claimant to elevate her legs during the day. The Court declines the invitation for two reasons. First, the Commissioner does not point to any authority permitting the Court to make such an inference.[4] Second, by making such an inference, the Court would essentially be substituting its judgment for that of the ALJ, which it cannot do. *Bloodsworth*, 703 F.2d at 1239.

In summary, the Court finds that the ALJ erred by not weighing Dr. Grant's opinion and the error is not harmless. Accordingly, this matter must be reversed and remanded to the Commissioner for further proceedings so the ALJ can weigh Dr. Grant's opinion.

### A. The Claimant's Other Assignments of Error

In her other assignments of error, the Claimant contends that the ALJ erred by assigning Dr. Bhattarai's opinion little weight, not including the need to elevate her legs in the RFC determination, and not developing the record with respect to her mental impairments. (Doc. 16 at 10-13, 19-22, 25-27). The Court declines to rule on these issues because the ruling on the second assignment of error is dispositive of this appeal. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other

---

[4] The two unpublished Eleventh Circuit decisions that the Commissioner cites are similarly inapposite because the ALJs in those cases considered and weighed the opinions at issue. *Newberry*, 572 F. App'x at 671-72; *Harrison*, 569 F. App'x at 877

dispositive errors). That said, on remand, the ALJ should reevaluate, among other things, Dr. Bhattarai's opinions and consider whether the Claimant should attend a consultative psychological evaluation.

## V. Conclusion

Accordingly, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk is **DIRECTED** to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on August 24, 2020.

*Leslie R. Hoffman*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Julio Ocampo
Administrative Law Judge
Office of Hearings Operations
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801